The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.




Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| | ) CASE NO. 10-62488 |
| GINA LILLIAN MESSE | ) |
| | ) JUDGE RUSS KENDIG |
| | ) |
| Debtor. | ) |
| | ) **ORDER DISMISSING CASE** |
| | ) |

    Pursuant to 11 U.S.C. § 109(h)(1), an individual may not be a debtor unless he or she completes a briefing ("briefing") outlining the opportunities for credit counseling and assisting in performing a related budget analysis in the 180 days prior to filing the petition. Upon filing a petition, Debtors are required to submit proof of compliance with this requirement.

    Under the auspices of Interim Federal Rule of Bankruptcy Procedure 1007(b)(3), Debtors must file both an official form designated Exhibit D and a certificate of completion of the credit counseling course. The rule states:

> (3)     Unless the United States trustee has determined that the credit counseling requirement of § 109(h) does not apply in the district, an individual debtor must file a statement of compliance with the credit counseling requirement, prepared as prescribed by the appropriate Official Form, which must include one of the following:

(A) an attached certificate and debt repayment plan, if any, required by § 521(b);

(B) a statement that the debtor has received the credit counseling briefing required by § 109(h)(1) but does not have the certificate required by § 521(b);

(C) a certification under § 109(h)(3); or

(D) a request for determination by the court under § 109(h)(4).

The time limits for filing the documents are set forth in Interim Rule 1007(c), which requires:

In a voluntary case, the documents required by paragraphs (A), (C), and (D) of subdivision (b)(3) shall be filed with the petition. Unless the court orders otherwise, if the debtor has filed a statement under subdivision (b)(3)(B), the documents required by subdivisions (b)(3)(A) shall be filed within 15 days of the order for relief.

The timing of this requirement is further amplified by the limited relief that is provided in the event of difficulty in obtaining the briefing. In the event of exigent circumstances, a debtor may defer this requirement, but this results in a specifically limited deferral and not a waiver. 11 U.S.C. § 109(h)(3).

In this case, debtor indicated she had received the credit counseling course in the 180 before filing and that her certificate would be filed within 14 days of the petition. However, the certificate was not filed. The debtor's failure to comply with the bankruptcy rules renders her ineligible to be a debtor. Accordingly, the case is hereby **DISMISSED**.

**DEBTOR IS HEREBY ADVISED THAT THE DISMISSAL DOES NOT RELIEVE HER OF THE OBLIGATION TO PAY THE FILING FEES. DEBTOR IS FULLY RESPONSIBLE FOR PAYMENT OF THE FILING FEE FOR COMMENCING THIS CASE ($299.00).**

If paying by mail, Debtor shall send a money order, payable to Clerk, United States Bankruptcy Court, to Ralph Regula U.S. Courthouse, United States Bankruptcy Court, 401 McKinley Ave. SW, Canton, OH 44702.

It is so ordered.

# # #

## SERVICE LIST

Gina Lillian Meese
6464 Mears Drive NW
Dover, OH 44622

Anthony J. DeGirolamo, Trustee - Canton
Canton
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, OH 44702

Office of the United States Trustee
Howard M. Metzenbaum U.S. Courthouse
201 E. Superior Ave., Suite 441
Cleveland, OH 44114-1240

Pamela I. Theodotou
Theodotou & Associates
4449 Easton Way 2nd Floor
Columbus, OH 37934